**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3669-23

PRINSIPE L. AMANTE,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

    Respondent-Respondent.

_____

Submitted October 1, 2025 – Decided November 18, 2025

Before Judges Currier and Berdote Byrne.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. xx1415.

Limsky Mitolo, attorneys for appellant (Marcia J. Mitolo, of counsel and on the briefs).

Nels J. Lauritzen, Director of Legal Affairs, and Gebhardt & Kiefer, PC, attorneys for respondent (Thomas R. Hower, Staff Attorney, on the brief).

PER CURIAM

Petitioner injured his knee responding to a Code Blue emergency distress call while working as a corrections officer and applied for accidental disability retirement benefits (ADRB), pursuant to N.J.S.A. 43:16A-7. Defendant Board of Trustees of the Police and Firemen's Retirement System (the Board) found that the incident occurred during the performance of petitioner's job duties and was not "undesigned and unexpected" as required under Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 212-13 (2007).

Petitioner appeals from the Board's denial of his ADRB application. Based on our careful review of the record and the applicable law, we affirm.

Petitioner testified that while he was working, a Code Blue emergency distress was called in the medical infirmary, which meant that either "a staff member, [or] civilian . . . need[s] immediate assistance." He stated "the response []called for is a running response by [all officers] available."

Petitioner, along with "five or six other officers," was running through the main corridor to respond to the distress call when he fell on the concrete floor and injured his right knee. Several years later, petitioner applied for ADRB. After the Board denied the application, the matter was transferred to the Office of Administrative Law.

A-3669-23

Following an evidentiary hearing, the Administrative Law Judge (ALJ) concluded that petitioner's incident satisfied the undesigned and unexpected prong of the Richardson test and, therefore, he was qualified for ADRB. The ALJ reversed the Board's decision. On June 11, 2024, the Board issued a Final Administrative Determination rejecting the ALJ's recommendation and denying petitioner's application for ADRB. The Board quoted Richardson and stated that "incurring an injury while running in response to an emergency call in a prison is not 'an unanticipated consequence of an external event if that consequence is extraordinary or unusual in common experience.'"

Our review of an administrative agency's determination is limited. Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). "[A]gencies have 'expertise and superior knowledge . . . in their specialized fields.'" Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223 (2009) (alteration in original) (quoting In re License Issued to Zahl, 186 N.J. 341, 353 (2006)). We will "not substitute [our] own judgment for the agency's even though [a] court might have reached a different result." In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).

A-3669-23

We "review[] agency decisions under an arbitrary and capricious standard." Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019). "An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo, 206 N.J. at 27). An agency's interpretation of the law is reviewed de novo. Russo, 206 N.J. at 27.

On appeal, petitioner contends the Board erred in (1) determining his fall at work, while running to an emergency call, was not an undesigned and unexpected event, and (2) denying his application for ADRB.

A member of the Police and Firemen's Retirement System is entitled to ADRB if

> the member is permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties and that such disability was not the result of the member's willful negligence and that such member is mentally or physically incapacitated for the performance of his usual duty and of any other available duty in the department which his employer is willing to assign to him.
>
> [N.J.S.A. 43:16A-7(a)(1).]

In Richardson, the New Jersey Supreme Court explained:

A-3669-23

> [T]o obtain accidental disability benefits, a member must prove:
>
> 1.   that he is permanently and totally disabled;
>
> 2.   as a direct result of a traumatic event that is
>
>> a.   identifiable as to time and place,
>>
>> b.   undesigned and unexpected, and
>>
>> c.   caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);
>
> 3.   that the traumatic event occurred during and as a result of the member's regular or assigned duties;
>
> 4.   that the disability was not the result of the member's willful negligence; and
>
> 5.   that the member is mentally or physically incapacitated from performing his usual or any other duty.
>
> [Richardson, 192 N.J. at 212-13.]

The Richardson Court found, to be "undesigned or unexpected," the event at issue may be either "an unintended external event or [] an unanticipated consequence of an intended external event if that consequence is extraordinary or unusual in common experience." 192 N.J. at 201 (quoting Russo v. Tchrs.' Pension & Annuity Fund, 62 N.J. 142, 154 (1973)). "[W]hen all that appears is

A-3669-23

that the employee was doing his usual work in the usual way" the "undesigned or unexpected" element is not satisfied. Ibid. (quoting Russo, 62 N.J. at 154).

"To properly apply the Richardson standard . . . the Board and a reviewing court must carefully consider not only the member's job responsibilities and training, but all aspects of the event itself. No single factor governs the analysis." Mount v. Bd. of Trs., Police & Firemen's Ret. Sys., 233 N.J. 402, 427 (2018).

In Moran v. Board of Trustees, Police & Firemen's Retirement System, 438 N.J. Super. 346, 354 (App. Div. 2014), we found the element was satisfied when a "combination of unusual circumstances . . . . [F]orced [the appellant] to carry out his paramount duty to rescue fire victims" leading to his injury. The unusual circumstances included "the failure of the truck unit to arrive, and the discovery of victims trapped inside a fully engulfed burning building, at a point when [the appellant] did not have available to him the tools that would ordinarily be used to break down the door." Ibid.

Importantly, as the Richardson Court stated:

> the fact that a member is injured while performing his ordinary duties does not disqualify him from receiving accidental disability benefits; some injuries sustained during ordinary work effort will pass muster and others will not. The polestar of the inquiry is whether, during the regular performance of his job, an unexpected

6

happening, not the result of pre-existing disease alone or in combination with the work, has occurred and directly resulted in the permanent and total disability of the member.

[Richardson, 192 N.J. at 214 (emphasis added).]

Here, petitioner has not demonstrated an "unexpected happening" that caused him to injure his knee. He testified he responded to multiple Code Blue calls during his career, running to each one. The evidence reflects petitioner was performing his usual job duties when he was injured. Responding to a Code Blue call was a required duty of a correction officer's job and not an unexpected event in that line of work.

We are satisfied the Board's decision denying petitioner's application for ADRB was supported by the credible evidence in the record and based on the applicable statute and prevailing law. Its final decision was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

7